## Charles P. Trombly v. Philo Parsons.

It is no objection to a judgment entered up in the Circuit Court by confession, that the warrant of attorney is upon the same piece of paper as the note it authorizes judgment to be taken upon. The warrant of attorney and note are still to be regarded as separate instruments, notwithstanding they are thus connected.

The note and the warrant of attorney bearing different dates, are to be presumed to have been executed at the times they severally bear date, notwithstanding they are upon the same paper.

But it is not a valid objection to a judgment by confession that the warrant of attorney was executed at the same time as the note upon which it authorizes judgment.

*Heard November 1st, 1861.   Decided May 30th.*

Error to Wayne Circuit.

Parsons took judgment against Trombly in the Court below, by confession, upon a note dated July 9th, 1861. Below the note upon the same sheet of paper was the warrant of attorney, which was dated July 16th, 1861, and authorized judgment to be entered up, "on the promissory note hereto attached," on any day after September 3d, 1861.

*A. Russell,* for plaintiff in error, insisted that the authority to confess the judgment is not *distinct from the note,* within the requirement of the statute. — *Comp. L.* § 4441. The warrant of attorney should describe the note as a mortgage describes the obligation it secures, and be complete in and of itself without any reference to the debt.— *Burr. App.* § 992; 2 *Burr. Pr.* 236; *Grah. Pr.* 767.   The fact that there are two signatures, one to the note and one to the warrant, does not transform the paper into two instruments.   Such is the ordinary form of the *judgment note,* in common use in Illinois and Wisconsin, and which is the very thing meant to be prohibited by our statute.

*C. P. Crosby* for defendant in error.

MARTIN CH. J.:

The statute (*Comp. L.* § 4441) permits judgment by confession when the authority to confess such judgment

shall be conferred by some proper instrument distinct from that containing the evidence of the debt or obligation for which the judgment is confessed, and capable of being produced and filed with the clerk of the court in which the judgment is entered. The Legislature did not intend to restrict, by this provision, the right of the debtor to make such contract as he might find necessary, or most advantageous to himself, but to establish a rule of practice under which judgments by confession might be entered in vacation, as well as in term. In other words, it was an extension of the common law practice to the entry of judgments in vacation. All that is requisite, therefore, is that a demand exists, and that the authority to confess judgment be conferred by a separate instrument from that containing the promise or obligation. This is technically denominated a warrant of attorney. The time of the execution of such warrant is immaterial; as the statute has imposed no restriction in this respect, and none was imposed by the common law in cases where judgment was authorized to be confessed in term. By both the statute and the common law, the power must be in a separate instrument from that containing the promise or obligation, although it may be a part of the contract that such power should be given. The fact that these provisions of the statute accord with the common law practice, prove that they are practice regulations only, and were not designed to restrict the rights of contracting parties to make their own bargains, if otherwise lawful.

In the case before us, the warrant of attorney was dated some six days after the day of payment fixed in the note, and some three days after it actually became due; namely, on July 16th, 1861. It authorizes judgment to be confessed at any time after the third day of September thereafter, and, although it does not describe the note upon which the confession might be made, it refers to it as thereto attached. If the note had been particularly set out or

described in the warrant of attorney, it is not questioned but that a judgment confessed under the warrant would be good: and I cannot see upon any sound reasoning or principle why the reference in this case, which is merely for description, should invalidate the warrant. The instruments are as distinct as if drawn on separate pieces of paper.

For ought that appears the note and warrant were executed upon the days of their respective dates, and such we must presume to be the fact. If so, except upon the most technical grounds, the warrant would be good, while if it were otherwise, and they were executed simultaneously, they are still separate instruments, within the letter and spirit of the statute.

The judgment is affirmed, with costs.

The other Justices concurred.