## The People on the relation of Henry Loh and others v. The Judge of the Wayne Circuit Court.

*Garnishee proceedings: Bond for discharge of garnishment: Execution against sureties.* Our statute (*Comp. L. 1871*, § *6512*) providing, in garnishee cases, for a discharge of the garnishment upon the filing of a bond by the principal defendant with sureties, to pay any judgment recovered against the principal defendant and to abide the order of the court therein, and which authorizes the court, upon application after the rendering of such judgment, to order execution to issue against the sureties on such bond as well as the defendant, is not open to the objection that it deprives such sureties of their right to be heard and to contest their liability.—See *Chappee v. Thomas, 5 Mich., 53.*

*Heard and decided November 7.*

Application for *mandamus.*

The relators, Henry Loh, James H. Loh and Samuel T.
Cooley, sued Charles Bassett and Bamlett C. Wright, in·
the Wayne circuit court, and· procured a writ of garnish-

ment to be issued against James A. Hinchman and Thomas Hill. Upon service of said writ of garnishment, said principal defendants executed a bond with Smith Botsford and Augustine G. Hibbard as sureties, and filed in said cause for the release and discontinuance of said garnishee proceedings, in accordance with the statute (*Comp. L., 1871*, § *6512*). Subsequently judgment was obtained against the principal defendants in said cause, and thereupon an application was made to said court for an order that execution be issued on said judgment, according to the provisions of the statute, against the sureties in such bond as well as the principal defendants in said cause. The judge of said court refused this application, and thereupon this proceeding was instituted to compel him to make such order.

*Dickinson & Dickinson*, for the relator.

*Henry M. Cheever*, for the respondent.

PER CURIAM.

There is no good ground for the objection made by the sureties, that they have been deprived of their right to be heard and to contest their liability. No question of forgery has been raised, and none of identity, and if these questions should come up in any case, there are sufficient means of protecting any party from liabilities which he never incurred. No such point can arise in this form, and no such facts are set up.

The issuing of the execution against the surety on such a bond, is one of the conditions of his undertaking. When the statute fixes conditions and consequences to such an undertaking, all of its terms are as much a part of the agreement as if incorporated in its language expressly. The surety agrees that upon a certain contingency, that is, in case of a judgment against his principal, execution may

LOH *v.* JUDGE OF WAYNE CIRCUIT.

issue directly against himself.     The statute practically
requires that, in order to discharge the garnishment, the
original party shall find one or more persons who shall
allow themselves to become parties to the proceeding, and
to be represented by him in it, so as to become bound by
whatever binds him.     The sureties appear in person to be
examined, and the undertaking can never be forced upon
them against their free will, or without full means of inform-
ing themselves.     They can secure such rights of interven-
tion as they see fit to exact from their principal, and it is
their own fault if they do not provide for a full establish-
ment on the trial, of any rights which he has in the con-
troversy.

If judgment against them on the security, were required
before execution could issue, they would be no better off
where the undertaking is absolute to make good the judg-
ment against their principal.     The merits would be con-
cluded by that judgment.     And there is no rule of law, or
reason, that we are aware of, which can make the present
statutory course improper, and the law invalid.     There is no
proceeding to which they do not make themselves parties,
or which they have not expressly consented to.     It would
be quite as unreasonable for any party to object to be
bound, because he has appeared by attorney, and not in
person.     The case cannot be distinguished in principle from
that where judgment is rendered on a *cognovit,* under a
warrant of attorney to confess judgment, which is a very
common practice.     It only differs in the fact that the war-
rant is given directly into the hands of the court, and not
left in private custody, so that it is in all cases an act of
personal intervention in an existing suit.—See *Chappee v.
Thomas,* 5 *Mich., 53; Whitehurst v. Coleen, 53 Ill., 247.*

*Mandamus* granted.