ACME FOOD CO. *v.* KIRSCH.

1. BILLS AND NOTES—JUDGMENT—WARRANT OF ATTORNEY—STAT-
   UTES.
   A warrant of attorney to confess judgment contained in a
   promissory note is void under 3 Comp. Laws, § 10299, requir-
   ing that the authority to confess judgment be contained in a
   separate instrument.

2. JUDGMENT—CONTRACTS—VALIDITY OF FOREIGN JUDGMENT.
   In this State a judgment is void which was secured in Illinois
   without service of process on an invalid warrant of attorney
   to confess judgment contained in a promissory note executed
   in Michigan payable in the State of Illinois.

3. CONTRACTS—CONFLICT OF LAWS—VALIDITY.
   Contracts valid where made are as a rule valid everywhere,
   while a contract invalid where made is invalid everywhere.

Error to Manistee; Withey, J. Submitted February
15, 1911. (Docket No. 14.) Decided July 5, 1911.

Assumpsit by the Acme Food Company, a foreign cor-
poration, against R. G. Kirsch and E. O. Thompson on a
foreign judgment. On the trial before the court without
a jury judgment was rendered for plaintiff. Defendants
bring error. Reversed, and no new trial granted.

*F. H. Stone* (*Thomas Smurthwaite*, of counsel), for
appellants.
*Frank L. Fowler,* for appellee.

BROOKE, J. Plaintiff is an Illinois corporation. The
defendants are residents of Manistee county, Mich. A
judgment was obtained by plaintiff in the municipal
court of the city of Chicago against defendants, July 13, ·
1907, upon a warrant of attorney contained in the follow-
ing instrument:

"$250.00.

"GRAND RAPIDS, MICH., March 9, 1905.

"On or before eighteen months after date, for value received, I, we, or either of us, promise to pay to the order of Acme Food Company, a corporation organized and existing under the laws of the State of Illinois, two hundred and fifty and no / 100 dollars, payable at the First National Bank, Chicago, Illinois, with interest annually, from date hereof until paid, at the rate of six per cent. per annum, payable and negotiable without offset or counterclaim. * * * And to secure the payment of said account, I, we, or either of us hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court in term time or vacation, at any time hereafter, and confess a judgment * * * for such amount as may appear to be unpaid, thereon, together with costs, and twenty-five dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby rectifying and confirming all that my attorney may do by virtue thereof.

"R. G. KIRSCH,
"E. O. THOMPSON."

No process was issued from said municipal court, or served upon the defendants, or either of them. The certified copies of the proceedings in said court show that this judgment was based solely upon a warrant of attorney to confess judgment contained in the writing above set forth. Later plaintiff brought suit in the circuit court for Manistee county, Mich., upon this judgment. The case was tried before the court without a jury. Plaintiff offered in evidence a duly certified transcript of the judgment rendered by the municipal court of the city of Chicago, which was objected to, because it did not appear that the court had jurisdiction. Plaintiff then offered the Illinois statutes containing the municipal court act, and also section 88 of the practice act of Illinois [Hurd's Rev. Stat. 1909, chap. 110] relative to confessions of judgment without process, and the rule of the municipal court, adopting section 88 and certain other sections, to govern its proceedings in civil cases. Defend-

ants further objected to the judgment offered on the grounds that the court had no jurisdiction, stating at length the grounds of the objections. These objections were overruled by the court and the documents admitted in evidence. Defendants offered no evidence, and the court rendered judgment against them for the amount of the Chicago judgment, with interest and costs. Defendants bring the case to this court for review upon writ of error.

Errors assigned by defendants necessary to be stated are as follows:

"Defendants claim that the municipal court aforesaid did not have jurisdiction to render said judgment for the reasons: (1) That the alleged warrant of attorney was void and insufficient to confer jurisdiction upon said court. (2) That the said municipal court never obtained jurisdiction over the said defendants."

Upon the face of the judgment of the Chicago municipal court, it appears that it was rendered upon a warrant of attorney to confess judgment made by the defendants, and it also sets forth the instrument relied upon, which contains both the authority for confessing such judgment and the note or contract which is the evidence of the demand for which such judgment was confessed.

The only proof introduced by plaintiff in this suit upon the judgment was the certified transcript of it, and the statute of Illinois establishing the municipal court. It is admitted that no process was issued in the case where the judgment was secured, and that defendants were both citizens of Michigan.

It is contended by appellants that the instrument in suit in the Chicago court was a Michigan warrant of attorney, and was therefore insufficient to confer jurisdiction. To establish this contention, defendants invoke the provisions of our statute (§ 10299, 3 Comp. Laws), which provides:

"Judgments may be entered in any circuit court in vacation as well as in term, upon a plea of confession, signed

by an attorney of such court, although there be no suit then pending between the parties, if the following provisions be complied with and not otherwise:

" 1. The authority for confessing such judgment shall be in some proper instrument, distinct from that containing the bond, contract or other evidence of the demand for which such judgment was confessed," etc.

This statute has been in force for many years in this State, having been embodied in the compilation of 1857. This fact is a strong indication of the policy of this State, evidently for the protection of the unwary. The necessity to conform with the requirements of this statute has never been questioned.

If on this instrument, called a note, a valid judgment by confession on this warrant of attorney could not be entered in this State, we must ascertain by what metamorphosis it acquires validity for that purpose when presented to a court in another State. The two undertakings executed in Grand Rapids, Mich., contained in one instrument, were separate undertakings: The first a promissory note for $250, payable 18 months after date at the First National Bank, Chicago, Illinois, with interest, etc.; the second a warrant of attorney to confess judgment.

There is no dispute about the validity of this promise to pay or its enforceability. It was to be performed in Chicago, and its performance and matters respecting the remedy for enforcement would be regulated by the laws of Illinois. We find difficulty, however, when we consider the warrant to confess judgment contained in this note as of force and efficient in the State of Illinois. It was an illegal agreement where made, and, if not an exception to the general rule, it is illegal everywhere.

This general proposition is stated as follows:

" The validity of the contract, that is, the question whether the contract is a legal or illegal one, is judged by the law on the subject in the State or country in which the contract is entered into; the general rule being that a contract good where made is good everywhere, and a contract invalid where made is invalid everywhere." 9 Cyc.

p. 672, and cases cited from many States, including Illinois and Michigan.

See, also, 1 Beach on Modern Law of Contracts, §§ 584, 595. There are a few exceptions to this general rule, but the contract under consideration is not within them.

The fact must not be lost sight of that this was not a suit regularly brought upon the agreement to pay. As already stated, the judgment relies entirely upon the warrant of attorney to confess judgment. No cases are called to our attention in the briefs, nor have we been able to find any exactly in point.

The question was not before this court in *First Nat. Bank* v. *Garland*, 109 Mich. 515 (67 N. W. 559, 33 L. R. A. 83, 63 Am. St. Rep. 597), as is claimed. In that case a judgment was taken by confession of attorney in Ohio upon a note of $5,000 made in Ohio, and containing a warrant of attorney to confess judgment, which was valid in that State. The suit in this State was brought upon that judgment. The holding of this court was, as is stated in the headnote:

"A warrant of attorney, purporting to authorize ' any attorney at law ' to confess judgment on a note in ' any court of record,' is sufficient to sustain a judgment entered in a court of the State in which the warrant was executed, on confession of an attorney of such court, even though the warrant could be given no extraterritorial effect."

And the court said:

" * * * In our opinion, the warrant of attorney was such as to confer necessary jurisdiction."

We are dealing in the instant case with a warrant of attorney to confess judgment which is absolutely void in this State, and it so appears upon transcript of the judgment upon which this suit is brought. We conclude that, as a matter of law, the judgment sued upon was void upon its face, because founded upon a void warrant of attorney. To hold otherwise would be to hold against

the letter and spirit of the statute invoked, and the decision of this court. *Trombly* v. *Parsons*, 10 Mich. 272. It would operate to nullify this statute and bring about a condition which this statute was intended to avoid, and would be contrary to public policy. Notes could be obtained by fraud, and judgments obtained in another State upon void warrants of attorney and suits brought upon such judgments, and the maker of the notes cut off from all defense.

The excellent briefs of counsel and the cases cited have been examined. Our view of the case does not require that they be further discussed; nor is it necessary to consider the other questions raised. Our determination disposes of the case.

The judgment is reversed, and no new trial granted.

HOOKER, MOORE, MCALVAY, and BLAIR, JJ., concurred.