GORDON *v.* HELLER.

1. BONDS — WARRANT OF ATTORNEY — CONFESSION OF JUDGMENT — REMEDIES.
   Bond and warrant of attorney under seal to confess judgment on mortgage without specialty *held,* not to supersede mortgage note, nor accord it a mixed claim under both a simple contract and a specialty, with choice of remedies on the obligation.

2. JUDGMENT—POWER TO CONFESS—LIMITATION OF ACTIONS.
   Power to confess judgment on mortgage does not exist where obligation secured thereby had become outlawed on its face.

3. SAME—CONSTRUCTION OF POWER TO CONFESS.
   Power, by warrant of attorney, to confess judgment is to be strictly construed.

4. SAME—FULL FAITH AND CREDIT.
   Judgment is not entitled to full faith and credit where not confessed within warrant of attorney (U. S. Const. art. 4, § 1; 28 USCA, §§ 687, 688).

5. SAME—WARRANT TO CONFESS—LIMITATION OF ACTIONS.
   Warrant to confess judgment on mortgage became ineffective as soon as statute of limitations had run against debt upon which it was based and judgment thereafter confessed is void.

6. LIMITATION OF ACTIONS—TOLLING BY PAYMENT—EVIDENCE.
   Finding that running of statute of limitations was tolled cannot be sustained without proof as to when, or by whom, claimed payment was made.

7. SAME—FOREIGN JUDGMENT—POWER OF CONFESSION.
   In assumpsit on Pennsylvania judgment confessed under warrant under seal giving power to confess judgment on mortgage without specialty, judgment holding Pennsylvania judgment void is affirmed, where foreign judgment was confessed on outlawed obligation (12 Purdon's Ann. Stat. § 31).

Appeal from Washtenaw; Sample (George W.), J. Submitted January 16, 1935. (Docket No. 99, Calen-

dar No. 38,204.)   Decided April 8, 1935.   Rehearing denied May 17, 1935.

Assumpsit by William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, against Bernard Heller on a judgment.   Judgment for defendant.   Plaintiff appeals.   Affirmed.

*Hooper & Hooper* and *Frank A. Stivers,* for plaintiff.

*Burke & Burke* (*Franklin C. Forsythe,* of counsel), for defendant.

WIEST, J.   This is an action at law upon a judgment rendered against defendant in the court of common pleas for the county of Philadelphia, State of Pennsylvania, on April 19, 1933.   The trial judge held the foreign judgment void, because the statute of limitations of Pennsylvania had run against the obligation at the time of judgment.

We gather from the record that defendant executed a note, secured by mortgage upon his property in Pennsylvania, and, at the same time, he gave a bond and warrant of attorney.   The bond and warrant set forth:

"Whereas, I, Bernard Heller, of the city and county of Philadelphia, Pennsylvania, in and by a certain obligation, bearing even date herewith, do stand firmly bound unto Alfred Yentis of the same place in the sum of $10,000 lawful money of the United States of America, conditioned to keep and maintain at all times, until the full discharge of the said obligation, a policy or policies of insurance, in good and approved company or companies duly assigned as collateral to the obligee or his executors, administrators or assigns, to an amount not less than $5,000,

upon the buildings on the premises mortgaged by the mortgage securing the said obligation, and conditioned for the payment of the just sum of $5,000 at the expiration of three years from the date thereof, together with interest payable half yearly at the rate of six per cent. per annum and for the production to the obligee, his executors, administrators or assigns, on or before the first day of October of each and every year, of receipts for all taxes and water rates of the current year assessed upon the premises described in the mortgage accompanying said obligation. * * * And provided further, however, and it is thereby expressly agreed, that if at any time thereafter, by reason of any default in the maintenance of said insurance, or in payment, either of said principal sum at maturity, or of said interest or in production of said receipts for taxes and water rates within the time specified, a writ of *fieri facias* is properly issued upon the judgment obtained upon said obligation, or by virtue of this warrant, or a writ of *scire facias* is properly issued upon the accompanying indenture of mortgage, an attorney's commission for collection, viz., five per cent., shall be payable, and shall be recovered in addition to all principal and interest then due, besides costs of suit. These are to desire and authorize you, or any of you, to appear for me, my heirs, executors or administrators, in the said court or elsewhere, in an appropriate form of action there or elsewhere brought or to be brought against me, my heirs, executors or administrators, at the suit of the said obligee, his executors, administrators, or assigns, on the said obligation, as of any term or time past, present, or any other subsequent term or time there or elsewhere to be held, and confess judgment thereupon against me, my heirs, executors or administrators.''

This warrant was addressed to any attorney in Pennsylvania and the bond came to plaintiff by assignment.

The instrument was executed on the 11th day of March, 1924, and was under seal. Payment of the obligation mentioned in the bond was due the 11th day of March, 1927, and the suit was commenced April 19, 1933, or more than six years after the obligation fell due. The Pennsylvania statute of limitations requires "all actions of debt grounded upon any lending, or contract without specialty," to be commenced within six years after cause. 12 Purdon's Ann. Stat. § 31.

The bond did not supersede the mortgage note, nor did it accord a mixed claim under both a simple contract and a specialty, with choice of remedies on the obligation.

The warrant was to confess judgment on the obligation secured by mortgage. That obligation was without specialty and on its face had outlawed at the time of judgment and, therefore, the power to confess judgment did not exist. Power, by warrant of attorney, to confess judgment is to be strictly construed. *In re Raymor's Estate,* 165 Mich. 259.

Unless the judgment confessed was within the warrant of attorney it was null and void and without the protection of full faith and credit.* It is well settled that:

"A warrant of attorney to confess judgment becomes ineffective as soon as the statute of limitations has run against the debt upon which it was based, and that a judgment thereafter confessed under the warrant is unauthorized and void. (Citing, among other cases, *Bates* v. *Cullum,* 163 Pa. 234 [29 Atl. 870].) The reason for this is that the confession of judgment is purely *ex parte* and the general rule requiring such a defense to be pleaded has no application, and it is not reasonable to suppose that the

---

* See U. S. Const. art. 4, § 1; 28 USCA, §§ 687, 688.—REPORTER.

party executing the power intended it to be effective beyond the life of the debt." 3 Freeman on Judgments (5th Ed.), § 1317.

Plaintiff claims running of the statute of limitations was tolled by a payment on the principal obligation. It does not appear when, or by whom the claimed payment was made.

Defendant testified that he made no payment and had no knowledge of any payment if made by another. He did say, however, that he expected his sister to take care of the obligation.

Without information of when and by whom the claimed payment was made we cannot find the running of the statute tolled.

The judgment is affirmed, with costs to defendant.

POTTER, C. J., and NELSON SHARPE, NORTH, FEAD, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred.