BIELBY *v.* ALLENDER.

1. ATTORNEY AND CLIENT—AUTHORITY—CONFESSION OF JUDGMENT—FRAUD.

An attorney authorized by a defendant to appear for him in an action at law may confess judgment for him and, in the absence of fraud, the judgment may not be set aside on the ground of the attorney's lack of authority to consent thereto, particularly in the absence of any showing of the attorney's pecuniary irresponsibility.

2. SAME—CONFESSION OF JUDGMENT—PRESUMPTION AS TO AUTHORITY.

An attorney of record for a defendant is presumed to have acted with his authorization in confessing judgment in his behalf.

3. SAME—STIPULATIONS—CONFESSION OF JUDGMENT—AUTHORITY.

Stipulation and consent to entry of judgment, made by defendants' then attorney of record, is inferred to have been within the scope of his authority, where facts show that during discussion with defendants it appeared they did not deny fact that they owed plaintiff for insurance premiums, there was disagreement as to the amount thereof, and the judgment to which he consented on their behalf was $9 less than amount they admitted to him as owing to plaintiff.

4. NEW TRIAL—MERITORIOUS DEFENSE—SUBSTITUTION OF ATTORNEYS—CONFESSION OF JUDGMENT.

Whether or not defendants have a meritorious defense is a point properly to be considered in determining whether or not a new trial should be granted on motion made by substituted attorney for defendants after confession of judgment by former attorney.

REFERENCES FOR POINTS IN HEADNOTES
[1–4, 8]  5 Am Jur, Attorneys at Law, § 101.
[4, 5, 8]  39 Am Jur, New Trial, §§ 28, 197.
[8]  39 Am Jur, New Trial, § 202.

5. SAME—MERITORIOUS DEFENSE—FINDING OF TRIAL COURT—IN-
SURANCE.

Finding that defendants who had moved for a new trial did
not have a meritorious defense to plaintiff's action for insur-
ance premiums *held,* justified, under evidence showing that
defendants retained policies sent to them by plaintiff.

6. SAME—JURY.

A jury was not afforded at common law to determine the merits
of a motion for new trial.

7. SAME—CONSTITUTIONAL LAW—JURY—MERITORIOUS DEFENSE.

Defendants were not deprived of any constitutional right to a
trial by jury by decision of the trial judge that they had no
meritorious defense to plaintiff's action after taking testi-
mony at hearing on motion for new trial, as constitutional
provisions for jury trial extend only to cases where, by the com-
mon law, a trial by jury was customary.

8. SAME—CONFESSION OF JUDGMENT—IRREGULARITIES—DISCRETION
OF COURT.

New trial was properly denied defendants whose former attorney
confessed judgment, where there were no irregularities requir-
ing that the judgment be set aside and no abuse of discretion
in denial of the motion.

Appeal from Iosco; Dehnke (Herman), J. Sub-
mitted December 7, 1950. (Docket No. 52, Calendar
No. 44,849.) Decided March 1, 1951.

Action by Earl Bielby against Albert Allender and
wife for premiums due for insurance. Judgment for
plaintiff on stipulation. Motion of defendants for
new trial denied. Defendants appeal. Affirmed.

*William R. Barber,* for plaintiff.

*T. George Sternberg,* for defendants.

DETHMERS, J. Plaintiff, an insurance agent,
brought this suit to recover an amount claimed
due for premiums. An attorney, acting within the
scope of his authority from defendants, filed an ap-

pearance. A number of conferences occurred between defendants and their attorney in which the discussions revolved solely around the question of the correct amount due from them to plaintiff and not at all around the question of the legitimacy of plaintiff's claim or any defense thereto. Defendants brought invoices to their attorney's office, discussed them with him, compared them with amounts claimed in plaintiff's declaration and finally reached an understanding with their attorney as to the amount due from them to plaintiff. It was their attorney's impression that defendants admitted that they owed that amount to plaintiff. The attorney, understanding that he was authorized by defendants so to do, thereupon entered into a written stipulation with plaintiff's attorney whereby it was agreed that defendants were justly indebted to plaintiff in the amount of $1,-382.31, being $9 less than the amount defendants had told their attorney was actually due. Thereafter defendants' attorney consented in open court to entry of judgment in that amount for plaintiff against defendants. A substitution of attorneys for defendants followed some time later, whereupon they filed a motion for new trial upon the grounds that the stipulation and consent to judgment by their original attorney were without their knowledge, consent or authorization and that they had a meritorious defense. From denial of the motion, defendants appeal.

According to the majority rule in this country, an attorney authorized by a defendant to appear for him in a suit at law may confess judgment for him and, in the absence of fraud, the judgment may not be set aside on the ground of the attorney's lack of authority to consent thereto, particularly in the absence of any showing of the attorney's pecuniary irresponsibility. See *Holmes* v. *Heywood,* 1 Brown Mich NP 292; *Denny* v. *Brown,* 7 Fed Cas 490;

*Farmers Trust & Canal Bank* v. *Ketchum,* 4 Mc-Lean's Reports 120; also, notes in 132 Am St Rep 162; Ann Cas 1914C 548. The attorney of record for a defendant is presumed to have acted with his authorization in confessing judgment in his behalf. *Arnold* v. *Nye,* 23 Mich 286. In the instant case it may fairly be inferred from the above noted facts, testified to by defendants' original attorney at the hearing on the motion, that he did act within the scope of his authority in entering into the stipulation and consenting to the entry of judgment.

Defendants cite in this connection *Loree* v. *Reeves,* 2 Mich 133, in which a Michigan attorney agreed to defend a suit in Michigan in behalf of a defendant residing in the State of New York, but neglected to do so with the result that a default judgment was entered for plaintiff; *Durfee* v. *Abbott,* 50 Mich 278, in which it was held that an attorney under mere general retainer cannot bind his client in a particular suit by giving unauthorized consent; *Tallis* v. *Stuart,* 268 Mich 84, in which defendants' attorney, engaged by them to contest plaintiff's suit, thereafter agreed with plaintiff's attorney to setting the cause for trial on a date on which he knew his clients could not be present in the State and when the cause came on for trial left the courtroom, permitting the case to go undefended to judgment for plaintiff. These cases are distinguishable on the facts from the case at bar, in which the defendants' attorney acted in keeping with their representations to him that they were justly indebted to plaintiff in a stated amount, after they had discussed the matter with him in such a manner as to cause him to believe that they were agreeable to entry of a judgment in that amount.

In the cited cases point is made of the fact that the defendants therein had meritorious defenses. It is a point properly to be considered in determining whether a new trial should be granted. We think

the record amply supports the court's finding that defendants did not have a meritorious defense in the case at bar. The trial court was fully justified, for example, in disbelieving defendants' claim that the insurance policies in question were issued without their request or authorization and despite their advices to plaintiff that they did not want the insurance, inasmuch as the proofs showed that plaintiff mailed the insurance policies to defendants and they retained them. -

There is no merit in defendants' contention that the court's taking of testimony, at the hearing on the motion, as to the merits of the claimed defense served to deprive defendants of their constitutional right to trial by jury. A jury was not afforded at common law to determine the merits of a motion for new trial. Constitutional provisions for jury trial extend only to cases where by the common law a trial by jury was customary. *Grand Rapids & I. R. Co.* v. *Sparrow,* 36 F 210 (1 LRA 480). See, also, *Tabor* v. *Cook,* 15 Mich 322. There were no irregularities requiring that the judgment be set aside. There was no abuse of discretion in denial of the motion.

Affirmed, with costs to plaintiff.

REID, C. J., and BOYLES, NORTH, BUTZEL, CARR, BUSHNELL, and SHARPE, JJ., concurred.