People of State of Illinois, Plaintiff, Defendant-in-Error, v. Norman Acceptance Company, Defendant, Plaintiff-in-Error.

Term No. 58–F–17.

Fourth District.

April 21, 1958.

Released for publication May 7, 1958.

Bernard Minton, of McLeansboro, Conger, Elliott, Goebel & Elliott, of Carmi, for defendant-appellant.

Michael P. O'Shea, State's Attorney of Alexander county (Lansden & Lansden, of counsel) for plaintiff-defendant in error.

PRESIDING JUSTICE CULBERTSON delivered the opinion of the court.

The present action originated as a criminal action before a Justice-of-the-Peace, charging the defendant, Norman Acceptance Company, with knowingly, wilfully, and unlawfully violating a portion of the Wage Assignment Statute. After a conviction before the Justice-of-the-Peace and upon appeal to the Circuit Court, defendant waived jury trial and was again found guilty and fined $100.00 and costs of suit in the

Circuit Court of Alexander county. The court found the defendant company guilty of accepting a wage assignment which was not written as a separate instrument as provided by the Statute in that it also contained a Conditional Sales Contract. The matter is now before us on Writ of Error, and defendant contends that the wage assignment introduced in evidence was, as a matter of law, a "separate instrument," as required by Statute and therefore there was no violation of the Wage Assignment Law (1955 Illinois Revised Statutes, Chapter 48, Paragraph 39.1(5).

The Act in question provides that the wage assignment be "written as a separate instrument, complete in itself, and not as a part of any Conditional Sales Contract or any other instrument."

In construction of Statutes the primary consideration is to ascertain and declare the legislative intent and to carry such intention into effect (Jones v. Pebler, 371 Ill. 309, 311; People ex rel. Dwight v. Chicago R. Co., 270 Ill. 87, 105), and the intent must be determined primarily from the language of the Statute (Jones v. Pebler, supra). Statutes in derogation of the Common Law are also to be strictly construed (Cedar Park Cemetery Ass'n v. Cooper, 408 Ill. 79, 82), and penal statutes are not to be extended in their operation to acts not within the clear import of the language used.

In the case before us the wage assignment is complete in itself and is not a part of a Conditional Sales Contract or other instrument. The Conditional Sales Contract, the Promissory Note, and the wage assignment, are printed in pads in which the respective documents are attached on long sheets by a separate perforation, but each document is separately bordered and the perforations permit easy and clear detachment. All of the physical requirements of the Wage Assignment Act are complied with in the form of wage assign-

ment which is used, and the wage assignment is signed as a separate document and is clearly so labeled in large letters as required by the Act. The heading, body, and signature of the wage assignment are separate from the note and the conditional sales contract, and a printed black bordered box sets them off for the eye. As we have also indicated, a perforated line above the wage assignment makes it easy to sever the assignment physically if desired. In the instant case the wage earner admitted that the title "Wage Assignment" which is printed in large bold type was the first thing he saw on the page.

 The only basic question before us is whether this document constitutes a separate instrument complete in itself, as provided by Statute. No Illinois precedents on this issue have been directed to our attention, but the courts of other States have had occasion to determine similar language and have interpreted "separate" as meaning individual or distinct, independent, or self-sustaining, and that separate instruments may be printed on the same sheet of paper with other instruments if the instruments are in fact distinct as if drawn on separate pieces of paper (Trombly v. Parsons, 10 Mich. 272). In the case cited the Statute provided that a warrant of attorney to confess judgment was required under Michigan law to be in a "separate instrument" from the note. The warrant was on the same sheet of paper but separate, and the court held that instruments which are as distinct as if drawn on separate pieces of paper are still separate instruments within the letter and the spirit of the Statute.

It is obvious that the legislative policy of this State as reflected in the Wage Assignment Act was to provide for a wage assignment which is complete in itself and not a part of a conditional sales contract or other instrument. It was the apparent policy to provide that a separate signature of the wage assignment should

218

be required and that it should be clearly designated as a separate item. This was obviously done in the case before us. It is clear from an examination of the document that it is a different instrument from the instruments above it, even though it had not been physically severed from the others. A wage earner's attention would obviously be called to the fact that he was signing something different from a Conditional Sales Contract or note, with the large black type indicating that a wage assignment was in fact being signed.

Under the circumstances the Circuit Court of Alexander county erred in finding the defendant guilty of accepting a wage assignment not written as a separate instrument under the Wage Assignment Act.

Other matters are discussed in the brief of appellee relating to the question of service, or nonservice, of a copy of the instrument, but under the facts in the record there is no basis for a consideration of these contentions and no evidence or finding by the court that the defendant knew, if that was a fact, that no copy of the wage assignment had been delivered.

The judgment of the Circuit Court of Alexander county will, therefore, be reversed and the cause remanded, with directions to the Circuit Court of Alexander county to enter judgment of not guilty as to the defendant in this cause.

Reversed and remanded, with directions.

BARDENS and SCHEINEMAN, JJ., concur.