USA JET AIRLINES, INC v SCHICK

Docket No. 223077. Submitted July 11, 2001, at Lansing. Decided September 11, 2001, at 9:00 A.M.

USA Jet Airlines, Inc., brought an action in the Washtenaw Circuit Court against Jay W. Schick, seeking the entry of a judgment confessed by Schick in a cognovit note or warrant of attorney he executed with his employment agreement with the plaintiff. The terms of the employment agreement and the cognovit note appeared under separate headings on a one-page document signed at the bottom by the parties. Under the employment agreement, the plaintiff agreed to pay for the defendant's initial flight training on DC-9 aircraft, the defendant agreed to work full-time for the plaintiff for twelve months from the date of the agreement, and the defendant agreed to reimburse the plaintiff for the flight training if he left employment within twelve months of the date of the agreement. Under the cognovit note, the defendant consented in advance to the entry of a judgment against him should he not comply with the plaintiff's demand for reimbursement for the cost of the flight training. The plaintiff brought its action after the defendant left his employment with the plaintiff within twelve months of the employment agreement and without reimbursing the plaintiff for the cost of his initial flight training on DC-9 aircraft. The court, Timothy P. Connors, J., initially entered a judgment by confession, but set aside the judgment and dismissed the action upon the defendant's motion for summary disposition, ultimately ruling that the cognovit was not valid under MCL 600.2906. The plaintiff appealed.

The Court of Appeals held:

MCL 600.2906(1) requires that the authority for confessing a judgment be in some proper instrument, distinct from that containing the bond, contract, or other evidence of the demand for which the judgment was confessed. The cognovit note in this case satisfies the requirement of subsection 2906(1) inasmuch as the employment agreement and the cognovit note, under separate headings on a single page, were as distinct as if drawn on separate pieces of paper and thus were separate instruments within the letter and spirit of subsection 2906(1).

Reversed.

NEFF, P.J., dissenting, stated that although the authorization for a confessed judgment need not be in a document separate from that containing the contract, the authorization must be distinguished as different or separate from the contract. In *Trombly v Parsons*, 10 Mich 272 (1862), a warrant of attorney was held to be distinct from a note even though both were on one document because separate signatures by the obligated person were required for the warrant and the note. The employment contract and the cognovit note in this case cannot be similarly classified as being distinct inasmuch as both were presented together for a single signature by the defendant.

JUDGMENTS — CONFESSED JUDGMENTS.

A requirement for entry of a confessed judgment is that the authorization for a confessed judgment, cognovit, or warrant of attorney be in some proper instrument, distinct from that containing the bond, contract, or other evidence of the demand for which the judgment was confessed; this requirement is satisfied where the cognovit and the contract are on the same document but under separate headings, so as to be as distinct as if drawn on separate pieces of paper (MCL 600.2906[1]).

*Manchester McNeff* (by *Donald E. McNeff*), for the plaintiff.

*Bodman, Longley & Dahling, LLP* (by *David A. Shand*), for the defendant.

Before: NEFF, P.J., and O'CONNELL and R. J. DANHOF*, JJ.

O'CONNELL, J. Plaintiff appeals as of right from the trial court's order granting summary disposition in favor of defendant pursuant to MCR 2.116(C)(4). We reverse.

---

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

I. FACTS AND PROCEDURAL HISTORY

The facts in this case are not disputed. Plaintiff hired defendant as an airline pilot in 1998. On September 10, 1998, defendant and plaintiff entered into an employment agreement specifying that plaintiff would pay defendant's training costs for "DC-9 Initial Training," in exchange for defendant's promise to work for plaintiff for a twelve-month term. As part of the employment agreement, defendant also agreed to repay plaintiff the full cost of his training if defendant left plaintiff's employment before the twelve-month term expired.

The document containing the employment agreement also included a cognovit[1] waiving service of process and authorizing confession of judgment against defendant if he defaulted on his repayment obligation. After defendant left plaintiff's employ within the twelve-month period and without repaying his training costs, plaintiff filed a complaint seeking a confessed judgment in the amount of $7,634.55. Pursuant to the terms of the cognovit, the trial court entered a confessed judgment against defendant on March 29, 1999. On August 11, 1999, defendant filed a dual motion to set aside the March 29, 1999, judgment pursuant to MCR 2.612(C)(1)(d) and for summary dis-

---

[1] Black's Law Dictionary (6th ed), defines a cognovit note as

[a]n extraordinary note which authorizes an attorney to confess judgment against [the] person or persons signing it. It is written authority of a debtor and a direction by him for entry of a judgment against him if [the] obligation set forth in [the] note is not paid when due. Such judgment may be taken by any person holding the note, which cuts off every defense which [the] maker of note may otherwise have and it likewise cuts off all rights of appeal from any judgment taken on it.

position under MCR 2.116(C)(4). Defendant argued that the cognovit was not distinct from the employment agreement as required by Michigan's confessed judgment statute, MCL 600.2906.

Following a hearing, the trial court granted defendant's request for summary disposition. Ruling from the bench, the trial court concluded that summary disposition was warranted because the cognovit was not distinct from the employment agreement as required by MCL 600.2906. Plaintiff challenges this determination on appeal.

II. STANDARD OF REVIEW AND PRINCIPLES OF STATUTORY
CONSTRUCTION

We review de novo a trial court's grant of summary disposition pursuant to MCR 2.116(C)(4). *James v Commercial Carriers, Inc*, 230 Mich App 533, 536; 583 NW2d 913 (1998). At issue is whether the cognovit authorizing confession of judgment against defendant was "distinct from" the employment agreement as required by MCL 600.2906(1). Statutory construction presents a question of law that we also review de novo. *Michigan Restaurant Ass'n v Marquette*, 245 Mich App 63, 65; 626 NW2d 418 (2001). When interpreting a statute, this Court strives to "discern the legislative intent that may reasonably be inferred from the words expressed in the statute." *Herald Co v Bay City*, 463 Mich 111, 117; 614 NW2d 873 (2000) (citation omitted); see also *Sun Valley Foods Co v Ward*, 460 Mich 230, 236; 596 NW2d 119 (1999). When the language of a statute is clear and unambiguous, judicial construction is not permitted or necessary. *Herald Co, supra* at 117-118.

III. ANALYSIS

A. HISTORY OF THE COGNOVIT

In *DH Overmyer Co v Frick Co*, 405 US 174, 176-177; 92 S Ct 775; 31 L Ed 2d 124 (1972), the United States Supreme Court, speaking through Justice Blackmun, discussed the history of the cognovit.

> The cognovit is the ancient legal device by which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing, and possibly even with the appearance, on the debtor's behalf, of an attorney designated by the holder. It was known at least as far back as Blackstone's time. 3 W. Blackstone, Commentaries *397. In a case applying Ohio law, it was said that the purpose of the cognovit is "to permit the note holder to obtain judgment without a trial of possible defenses which the signers of the notes might assert." *Hadden v Rumsey Products, Inc*, 196 F2d 92, 96 (CA 2, 1952). And long ago the cognovit method was described by the Chief Justice of New Jersey as "the loosest way of binding a man's property that ever was devised in any civilized country." *Alderman v Diament*, 7 NJL 197, 198 (1824). Mr. Dickens noted it with obvious disfavor. Pickwick Papers, c. 47. The cognovit has been the subject of comment, much of it critical. [*Id.* (emphasis added).]

The cognovit has an extensive history in Michigan, and our courts have traditionally recognized the instrument as a valid tool creditors may use to secure payment of an obligation. For instance, over 120 years ago, our Supreme Court observed that the use of cognovits was "a very common practice." *Loh v Judge of Wayne Circuit Court*, 26 Mich 186, 188 (1872); see also *Bielby v Allender*, 330 Mich 12, 14-15; 46 NW2d 445 (1951); *Gordon v Heller*, 271 Mich 240, 243; 260 NW 156 (1935); *Cofrode v Circuit Judge of*

*Wayne Co,* 79 Mich 332, 348; 44 NW 623 (1890)
(CAMPELL, J., dissenting).[2]

### B. MICHIGAN'S CONFESSED JUDGMENT STATUTE

The cognovit instrument at issue is known as a
warrant of attorney. "[A] warrant of attorney is a
waiver of notice and consent to entry of a stated sum
based on an agreement between two or more parties."
*Cheidem Corp v Farmer,* 449 A2d 1061, 1062 (Del
Super, 1982). As our Supreme Court observed in
*Crouse v Michell,* 130 Mich 347, 355; 90 NW 32 (1902):

> The nature and effect of a warrant of attorney are well
> known. Warrants of attorney are generally given where the
> party, having no defense to an action for debt, authorizes
> an attorney to confess judgment in order to save expense.
> [*Id.,* quoting *Croft v Lumley,* 6 H L Cas 672 (1858) (internal
> quotation marks omitted).]

In the instant case, the presence of a cognovit impli-
cates MCL 600.2906, which governs confessed judg-
ments in Michigan. MCL 600.2906 provides:

> Judgments may be entered in any circuit court at any
> time, upon a plea of confession, signed by an attorney of
> such court, although there is no suit then pending between
> the parties, if the following provisions are complied with,
> and not otherwise:
> (1) The authority for confessing such judgment shall be
> in some proper instrument, *distinct from that containing
> the bond, contract or other evidence of the demand for
> which such judgment was confessed;*

---

[2] In the dissenting opinion in *Cofrode, supra* at 348, Justice CAMPBELL
stated that "the attorney's power to file a *cognovit* must be found in a spe-
cial and separate appointment in writing, outside of the evidence of debt,
and is strictly limited by its terms." (Emphasis in the original.)

(2) Such authority shall be produced to the officer sign-
ing each judgment, and shall be filed with the clerk of the
court in which the judgment shall be entered, at the time of
the filing and docketing of such judgment. [Emphasis
added.]

In *Trombly v Parsons*, 10 Mich 272 (1862), our
Supreme Court had occasion to consider the require-
ment in Michigan's confessed judgment statute that
the instrument authorizing confession of judgment be
separate from that containing the promise or obliga-
tion.[3] Specifically, the *Trombly* Court made the fol-
lowing pertinent observations:

By both the statute and the common law, the power [to
confess judgment] must be in a separate instrument from
that containing the promise or obligation, although it may
be a part of the contract that such power should be given.
The fact that these provisions of the statute accord with the
common law practice, prove that they are practice regula-
tions only, and *were not designed to restrict the rights of
contracting parties to make their own bargains, if other-
wise lawful.* [*Id.* (emphasis supplied).]

According to the facts in *Trombly*, the promissory
note and the cognovit at issue were on the same
piece of paper, and the cognovit note authorized con-
fession of judgment "on the promissory note hereto
attached." *Id.* at 272. After reviewing the document,
Chief Justice MARTIN, speaking for the Court, con-
cluded that "[t]he instruments [were] as distinct as if
drawn on separate pieces of paper" and were "sepa-
rate instruments, within the letter and spirit of the
statute." *Id.* at 273.

---

[3] The language in the statute at issue in *Trombly*, *supra*, 1857 CL
4441(1), is identical to that of MCL 600.2906(1).

Conversely, in *Acme Food Co v Kirsch*, 166 Mich 433, 437; 131 NW 1123 (1911), the Supreme Court found a warrant of attorney to be "absolutely void" under Michigan law.[4] In *Acme*, the plaintiff, an Illinois corporation, initially confessed a judgment against the defendants in Illinois on the basis of a warrant of attorney. *Id.* at 434. The plaintiff subsequently brought suit against the defendants in Michigan on the basis of the Illinois judgment. *Id.* On appeal to the Supreme Court, the plaintiff in *Acme* argued that the warrant of attorney was not distinct from the promissory note as required by Michigan's confessed judgment statute. The Supreme Court agreed, noting that the confessed judgment statute reflected "the policy of this State . . . [to provide] for the protection of the unwary." *Id.* at 436.

In *Acme*, the warrant of attorney signed by the defendants was virtually indistinguishable from the accompanying promissory note. The text of the promissory note and the warrant of attorney provided as follows:

> $250.00.
>
> GRAND RAPIDS, MICH., March 9, 1905
>
> On or before eighteen months after date, for value received, I, we, or either of us, promise to pay to the order of Acme Food Company, a corporation organized and existing under the laws of the State of Illinois, two hundred and fifty and no/100 dollars, payable at the First National Bank, Chicago, Illinois, with interest annually, from date hereof until paid, at the rate of six per cent per annum, payable and negotiable without offset or counterclaim. . . . And to secure the payment of said account, I, we, or either of us

---

[4] In *Acme*, the Court considered whether the warrant of attorney satisfied the requirements of 1897 CL 10299(1). The language of that statutory provision is identical to that of MCL 600.2906.

hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court in term time or vacation, at any time hereafter, and confess a judgment . . . for such amount as may appear to be unpaid, thereon, together with costs, and twenty-five dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby rectifying and confirming all that my attorney may do by virtue thereof. [*Id.* at 434 (internal quotation marks omitted).]

In the *Acme* Court's view, allowing the plaintiff to confess a judgment against the defendants on the basis of the above warrant of attorney "operate[d] to nullify [the confessed judgment] statute, and [brought] about a condition which [the] statute was intended to avoid, and [was] contrary to public policy." *Id.* at 438. See also *Jones v Turner*, 249 Mich 403; 228 NW 796 (1930) (concluding that a warrant of attorney was not distinct from an accompanying promissory note).

In our opinion, these cases illustrate our courts' reluctance to validate a confessed judgment based on a cognovit that is not adequately differentiated from the accompanying note or contract and that is inserted surreptitiously by the drafter in an attempt to mislead the unwary signer. On the other hand, the cited cases also reflect our courts' willingness to validate a confessed judgment where the underlying cognovit was presented to the signer as a separate and distinct instrument.

C. THE COGNOVIT IS DISTINCT FROM THE EMPLOYMENT
AGREEMENT

Michigan's confessed judgment statute, MCL 600.2906, does not define the word "distinct." Thus,

we must give the word "its plain and ordinary meaning, taking into account the context in which the word[ ] [was] used." *Jackson Co Hog Producers v Consumers Power Co*, 234 Mich App 72, 85; 592 NW2d 112 (1999), citing MCL 8.3a and *Western Michigan Univ Bd of Control v Michigan*, 455 Mich 531, 539; 565 NW2d 828 (1997). Further, it is proper for this Court to consult the dictionary definition of the word to ascertain its plain and ordinary meaning. *Karpinski v St John Hosp-Macomb Center Corp*, 238 Mich App 539, 543; 606 NW2d 45 (1999). As relevant to this context, *Random House Webster's College Dictionary*, (2d ed), defines the word "distinct" in the following terms: "distinguished as not being the same; separate"; "clear to the senses or intellect; plain; unmistakable."

In our opinion, the cognovit in the instant case satisfies the requirement of § 2906 because plaintiff took several steps to distinguish it from the employment agreement. (See Appendix A). For instance, the one-page document that defendant signed bears the title "Employment Agreement and Cognovit Note" in bold and capitalized letters. Moreover, the cognovit encompasses the lower half of the page, and is preceded by the centered and unambiguous title "Cognovit Note," in large capital letters, underlined, and in bold. Accordingly, it is clear that plaintiff took pains to demonstrate to defendant that the cognovit was an instrument separate from the employment agreement, and therefore defendant is bound by its terms. See *Plum Tree, Inc v Seligson*, 224 Pa Super 471, 474; 307 A2d 298 (1973) (confession of judgment clause not obscure where it was printed in the same type as the rest of document and clearly labeled).

III. THE DISSENT

The dissent concludes that the cognovit was not distinct from the employment agreement as required by MCL 600.2906(1) because "separate signatures were not required for the contract and the cognovit note . . . ." *Post* at 409. We respectfully disagree. Our review of the plain language of § 2906 does not reveal any indication that a separate signature is required for a cognovit to be distinct from the accompanying contract.

Further, the dissent's reliance on *Trombly, supra,* for the proposition that separate signatures are required is misplaced. Although the facts in *Trombly* indicate that the promissory note and the warrant of attorney were signed separately, *id.* at 272, a close review of *Trombly* does not support the dissent's conclusion that separate signatures are *required* for a cognovit to be distinct as contemplated by the statute. In any event, as mentioned above, plaintiff made a concerted effort to maintain a clear distinction between the cognovit and the employment agreement. The present case is thus distinguishable from *Acme, supra,* where the instrument authorizing a confessed judgment was indistinguishably merged into the text of the concomitant promissory note. In the instant case, we believe "[t]he instruments are as distinct as if drawn on separate pieces of paper." *Trombly, supra* at 273.[5]

---

[5] In *People v Norman Acceptance Co,* 17 Ill App 2d 215, 218; 149 NE2d 653 (Ill App, 1958), the Illinois Court of Appeals, reviewing *Trombly, supra,* observed that instruments on the same piece of paper are "within the letter and the spirit of the [s]tatute" if the "instruments . . . are as distinct as if drawn on separate pieces of paper."

As the dissent correctly observes, MCL 600.2906 is intended to provide "protection [for] the unwary." *Acme, supra* at 436. However, unlike *Acme*, this is not a case where the warrant of attorney providing for confession of judgment was "foisted upon [defendant] by implication or by general and nonspecific reference." *Franz Tractor Co v Wyoming Valley Nursery*, 384 Pa 213, 216; 120 A2d 303 (1956). That defendant was authorizing confession of judgment against him was made clear by the unambiguous terms of the unmistakable cognovit. Defendant, a trained pilot with access to counsel, signed the clear and distinct cognovit, and is therefore bound by its terms. See, e.g., *Jordan v Fox, Rothschild, O'Brien & Frankel*, 792 F Supp 393, 397 (ED Pa, 1992), aff'd 20 F3d 1250 (CA 3, 1994). Further, we disagree with the trial court's conclusion that defendant was unaware of what he was signing. In *Farm Bureau Mut Ins Co of Michigan v Nikkel*, 460 Mich 558, 567; 596 NW2d 915 (1999), our Supreme Court articulated the following well-settled principle of contract law:

> This court has many times held that one who signs a contract will not be heard to say, when enforcement is sought, that he did not read it, or that he supposed it was different in its terms. [*Id.* at 567, quoting *Komraus Plumbing & Heating, Inc v Cadillac Sands Motel*, 387 Mich 285, 290; 195 NW2d 865 (1972) (internal quotation marks omitted).]

See also *Paterek v 6600 Ltd*, 186 Mich App 445, 450; 465 NW2d 342 (1990).

Although this statement was made in a different context, we find it applicable in the present case, given that rules of contract interpretation are instructive when considering the validity of a cognovit. *Ninow v Loughnane*, 103 Ill App 3d 833, 836; 431

NE2d 1267 (1981). Defendant signed a clearly labeled cognovit that was separate and distinct from the accompanying employment contract. Notably, defendant does not claim that he did not voluntarily or knowingly authorize confession of judgment. See *Overmyer, supra* at 186 (authorization of confession of judgment, which waives due process rights, must be voluntary, knowing, and intelligently given). In our view, allowing defendant to circumvent the clear language of the distinct cognovit would undermine its important role in the commercial context of providing "a measure of security" for creditors. *Federal Deposit Ins Corp v Aaronian*, 93 F3d 636, 640 (CA 9, 1996) (citations omitted).

Reversed.

R. J. DANHOF, J., concurred.

## APPENDIX A

### *USA JET*

### AIRLINES

# EMPLOYMENT AGREEMENT AND COGNOVIT NOTE

THIS AGREEMENT is made this ___10___ day of ___September___, 1998 by and between USA JET AIRLINES, INC. (hereinafter "Air Carrier") and Jay W. Shick (Employee No. __2047__) (hereinafter "Employee").

FOR, AND IN CONSIDERATION of the following provisions, as well as the Additional Terms and Conditions clearly printed on the reverse side of this agreement, the parties do hereby agree as follows:

1. The Air Carrier will pay, on behalf of the Employee, all tuition and other expenses associated with the following Training:

| *DC-9 Initial Training* | *USA Jet Airlines* | *$5,715.00* | *Sept. 10, 1998* |
|---|---|---|---|
| Title of Course | Sponsor Facility | Cost of Training | Course Start Date |

2. In return, the Employee will commit, thereafter, to full-time service as a USA Jet Crewmember for a period of 12 months, accounting from the execution of this Contract.

3. Should the Employee leave his/her employ at USA Jet Airlines, Inc. or his/her employment at Air Carrier is terminated for a reason other than being terminated due to a reduction in work force or *"fired for cause,"* the Employee is immediately required to reimburse the Company for the Cost of Training in accordance with current Company policy as set forth on the reverse side of this document. All terms stated therein are incorporated herein as if fully set forth on this side of the Agreement.

4. Should the Employee fail to reimburse the Company after reasonable demand has been made upon him/her, the Employee hereby authorizes the utilization of the following Cognovit Note whose terms are incorporated herein as part of this Employment Agreement.

## COGNOVIT NOTE

ON DEMAND, after the Air Carrier has been notified that my employment is being terminated, under circumstances outlined in Paragraph No. 3, prior to satisfaction of the 12-month obligation, I, the undersigned Employee, promise to pay to the Order of USA JET AIRLINES, INC. its successors or assigns, the above stipulated Cost of Training, with interest at 10.0% per annum commencing from the date of this Note.

After said obligation becomes due, in the event of default of payment for monies owed to USA Jet Airlines, Inc., I hereby authorize any Attorney at Law to appear in any Court of Record in the United States and waive the issuing and service of process and confess a Judgment against me, in favor of the Holder thereof, for the principal amount then appearing due with the interest thereon as aforementioned, together with the costs of suit and attorney's (collection) fees of 25% of the total balance due (as prayed in the *Ad Damnum*) and thereupon to release all errors and waive all right of appeal.

IN WITNESS WHEREOF, the parties have set in their hands and seals on the above date in Belleville, Michigan

| ACKNOWLEDGED BY: | AGREED: | STATE OF MICHIGAN: | SUBSCRIBED and SWORN to, before me, a Notary |
| --- | --- | --- | --- |
| | | COUNTY OF: | Public, by the named Employee on the above date. |
| /s/          9-10-98 | /s/          (Seal) | | |
| USA JET AIRLINES, INC  Date | Employee  Date | | /s/ |
| Authorized Official's Signature | D/O/B: | | |
| Print Name: | SSN: | My Comm. Exp. | Notary Public |
| Title: | Dr. Lic. No. | | |

NEFF, P.J. *(dissenting).* I respectfully dissent. I would affirm the trial court's order setting aside the judgment against defendant and granting defendant's motion for summary disposition.

Under MCL 600.2906, a provision for a confession of judgment must be in an instrument distinct from the instrument containing the contract or demand on which judgment is confessed:

> Judgments may be entered in any circuit court at any time, upon a plea of confession, signed by an attorney of such court, although there is no suit then pending between the parties, if the following provisions are complied with, and not otherwise:
>
> (1) The authority for confessing such judgment shall be in some proper instrument, distinct from that containing the bond, contract or other evidence of the demand for which such judgment was confessed[.]

In this case, the employment contract and the authority for confessing judgment were on the same one-page document, entitled "Employment Agreement and Cognovit Note." The top half of the page outlined the agreement for repayment of $5,715 in training costs and incorporated the cognovit note, which followed, stating:

> 4. Should the Employee fail to reimburse the Company after reasonable demand has been made upon him/her, the Employee hereby authorizes the utilization of the following Cognovit Note whose terms are incorporated herein as part of this Employment Agreement.
>
> COGNOVIT NOTE
>
> ON DEMAND, after the Air Carrier has been notified that my employment is being terminated, under circumstances outlined in Paragraph No. 3, prior to satisfaction of the 12-month obligation, I, the undersigned Employee, promise to pay to the Order of USA JET AIRLINES, INC. its successors or

assigns, the above stipulated Cost of Training, with interest at 10.0% per annum commencing from the date of this Note.

After said obligation becomes due, in the event of default of payment for monies owed to USA Jet Airlines, Inc., I hereby authorize any Attorney at Law to appear in any Court of Record in the United States and waive the issuing and service of process and confess a Judgment against me, in favor of the Holder thereof, for the principal amount then appearing due with the interest thereon as aforementioned, together with the costs of suit and attorney's (collection) fees of 25% of the total balance due (as prayed in the *Ad Damnum*) and thereupon to release all errors and waive all right of appeal.

The bottom of the page provided for the parties' signatures and notarization.

The trial court concluded that the authority for confessing judgment did not meet the statutory requirement that it be distinct. I agree.

Authorization for a confessed judgment must "be in some proper instrument, distinct from . . . the . . . contract or other evidence of the demand" underlying the judgment. MCL 600.2906(1). Such authority need not be in a document separate from that containing the promise or obligation, and it may be part of the contract itself that such authority be given. *Trombly v Parsons*, 10 Mich 272 (1862). However, where the authority for confessing judgment is stated in conjunction with the promise or obligation in the same instrument, contrary to MCL 600.2906, a judgment obtained on such authority is void. *Jones v Turner*, 249 Mich 403, 405-407; 228 NW 796 (1930); *Acme Food Co v Kirsch*, 166 Mich 433, 434, 436-437; 131 NW 1123 (1911).

Distinct most commonly means "distinguished as not being the same; separate." *Random House Webster's College Dictionary* (2d ed). Given this view, the

authorization for a confessed judgment must be distinguished as different or separate from the contract or demand.

In *Trombly, supra,* the Court determined that a confession of judgment authorization on the same sheet of paper as a note, but under a separate "warrant of attorney" instrument met the statutory requirement of being distinct from the obligation or demand where the note and the warrant required separate signatures. The *Trombly* Court observed that "[t]he instruments [were] as distinct as if drawn on separate pieces of paper." *Id.* at 273. I cannot similarly classify the employment agreement and cognovit note in this case. Here, separate signatures were not required for the contract and the cognovit note, which were presented together in the same document, and joined for a single signature.

The statutory requirement that authority for confessing a judgment be conferred by an instrument distinct from the promise or obligation has long been recognized as a protection for the unwary. *Acme, supra* at 436. This protection is not advanced by the document in this case.

I would find no error in the trial court's determination that the confessed judgment was void.