Naomi **CHITTESTER**, Individually and on behalf of all other persons similarly situated, Plaintiff,

v.

**LC–DC–F EMPLOYEES OF G. E. FEDERAL CREDIT UNION et al.,** Defendants.

**Civ. A. No. 74–52 ERIE.**

United States District Court, W. D. Pennsylvania.

Nov. 15, 1974.

See also, D.C., 384 F.Supp. 473.

Legal Services for Northwestern Pennsylvania, Ted G. Miller, William D. Taggart, Erie, Pa., for plaintiff.

Wendell R. Good, Erie, Pa., for Hanisek, Sheriff.

Harvey D. McClure, Erie, Pa., for Prothonotary MacIvor.

Jack M. Gornall, Erie, Pa., for Credit Union.

## OPINION

WEBER, District Judge.

Plaintiff's cause of action under the Truth in Lending Act against Defendant Credit Union was severed and separately determined, with the Plaintiff being granted relief under that Act. There remains for our consideration Plaintiff's cause of action against the Credit Union, the Sheriff, and the Prothonotary based on allegations of the unconstitutionality of the Pennsylvania Statutes and Rules of Civil Procedure, or their application in an unconstitutional way, with respect to the entry of judgment by confession, and execution upon said judgments entered by confession. With respect to this cause of action plaintiff asks declaratory and injunctive relief, the convening of a statutory three judge court, and the prosecution of this action as a class action.

We declined to enter a preliminary injunction in this case because of the absence of irreparable harm and the availability of other legal remedies. No execution on the confessed judgment was being prosecuted. The Prothonotary and the Sheriff filed Motions to Dismiss. The Sheriff averred that the pleadings do not allege, and in that fact there is no writ of execution pending in his office affecting the Plaintiff, Naomi Chittester. The Prothonotary's Motion recites that judgments by confession are entered in his office, but that no writ of execution has been, will be, or would have been issued against the plaintiff or any person sought to be included as a member of her class under the facts alleged in Plaintiff's complaint.

The Pennsylvania statutes and rules on entry of judgment by confession are not on their face unconstitutional, Swarb v. Lennox, 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972). While their application in an unconstitutional manner would give rise to a cause of action, the Plaintiff only avers that said statutes and rules are unconstitutional on their face as applied to herself and a class composed of all persons who

have signed confession of judgment clauses in notes or contracts of any description. She also proposes a defendant class composed of all types of persons, partnerships, corporations, associations, banks, credit unions, and the like, which require persons to sign documents containing confessions of judgment clauses.

The decision of the Supreme Court in Swarb v. Lennox must be read together with its companion case of Overmyer v. Frick, 405 U.S. 174, 92 S.Ct. 775, 31 L. Ed.2d 124 (1972), decided the same day. The procedural aspect in which Swarb v. Lennox was brought before the Court dictated its result, to the extent that the Court warned against its use as precedent:

> " . . . the impact and effect of Overmyer upon the Pennsylvania system are not to be delineated on the one-sided appeal in this case and we make no attempt to do so."

405 U.S. at p. 202, 92 S.Ct. at p. 773.

■ Because Plaintiff avers no present action to deprive her of property without due process of law, there being no such action pending or contemplated by any defendant, and because the public officers named as Defendants have responded that no action would be taken by them in execution of the judgment on the facts pleaded by the Plaintiff, we find no actual or threatened deprivation of due process solely from the entry of judgment in this case. Such judgments are subject to being stricken or opened to allow a defense on the merits under Pennsylvania procedure, and the onerous burden of proof under the former practice in Pennsylvania, as noted by the District Court in Swarb v. Lennox, 314 F.Supp. 1091, 1094–1095, and commented upon by the Supreme Court, as noted further herein, has been changed by the 1973 amendment to the Pennsylvania Procedural Rules.

We gather from the district court opinion in Swarb v. Lennox that the precipitating event which brought the plaintiffs into that court for relief was the issuance of writs of execution delivered to the Sheriff.

The parallel case to Swarb v. Lennox brought in this district court has been Mallon v. Coon, Sheriff, et al., Civil Action No. 70–503, which was also generated by a levy of execution by the Sheriff. The preliminary injunction which followed restrains the Sheriffs of Allegheny, Beaver, Washington and Westmoreland Counties in this District from execution against real or personal property on judgments entered by confession. The order contains certain classes of transactions not covered, and other exceptions are allowed after notice and opportunity to be heard.

In our numerous hearings on applications for relief by many parties in the Mallon case we learned that most debtors are aware of the practical effect of their signatures to instruments containing confessions of judgments, although some shared with their counsel a rather hazy notion of the procedural aspects of the process.[1]

The Caplovitz study, which the District Court in Swarb admitted into evidence by stipulation, covered 245 judgment note debtors in Philadelphia, 96% of whom had incomes under $10,000, only 30% of whom were high school graduates, and 14% of whom were reported as saying that they did not know the instrument which they signed contained a confession of judgment. We cannot find, from the District Court's opinion, what percent of the Caplovitz debtors understood the meaning of a confession of judgment. In any event, it was shown in Swarb that the Prothonotary of Philadelphia County recorded 52,601 judgments by confession in 1968.

---

1. The Supreme Court noted that the District Court in Swarb found: "Where the debtor is an attorney, an affidavit to that effect may be all that is necessary to prove understanding."
405 U.S. at p. 199, 92 S.Ct. at p. 771.

In the present case the testimony of the Plaintiff taken at the hearing on the disclosure defense under the Truth in Lending Act reveals that Plaintiff was aware that her co-signature was needed on the obligation of her daughter and son-in-law because she owned real estate which they did not and that the obligation would be recorded at the Court House as security for that debt. It did not appear that she had any objection to this proceeding but she testified that she thought that it would only be enforced against her real estate upon its sale or transfer to another owner. She paid little attention to the details of the transaction because it was the primary obligation of her dauther and son-in-law, who have now defaulted and departed from the jurisdiction. She has had her relief under the Truth in Lending Act before any attempt at execution was made.

The Pennsylvania practice in the entry of judgments by confessions is summarized as follows:

"It is a common and approved practice in Pennsylvania to enter a judgment by confession as security for the fulfillment of the judgment debtor's obligation which is not due until a subsequent date, or until the happening of a specified contingency, without respect to the due date of the obligation of the happening or the contingency.

A warrant of authority to confess judgment in a specific sum may be given to a creditor as security, and in such case there is no reason why the judgment may not be made a matter of record, even though there is no money then payable." 6A Standard Pennsylvania Practice "Judgments" Sec. 183, pp. 442, 443 (citations omitted).

See also: Schuchman, Handbook on the Use of Judgment Notes in Pennsylvania, Sec. 13.1 pp. 53–54 and cases cited therein.

"Although it has been repeatedly held that there is no difference in legal effect between a judgment entered by confession and a judgment on the verdict of a jury, it is clear that the former is not, in fact, thë result of an adjudication . . . .. The essential difference, however, is the qualification in all cases of judgment entered by confession that the defendant in the judgment has the right to interpose a defense on the merits, if his liability is questionable, as effectively as in an assumpsit action, given that sufficient grounds appear for opening the judgment." (footnotes omitted). Schuchman, *op. cit.* supra, § 1.1, pp. 17–18.

While the above comment was published in 1961, prior to the comments of the Supreme Court on the dual burden in Pennsylvania placed upon a debtor attempting to open judgment, it is more pertinent today in light of the 1973 Amendment to Pa.R.Civ.P. 2959(e), 12 P.S. Appendix, which requires the court to open the judgment upon a prima facie showing of an issue of fact.

The entry of a promissory note in judgment before maturity or default in Pennsylvania creates a security interest in the nature of a lien on the debtor's real property. Judgment may be entered only for the amount that appears to be due on the face of the instrument (Pa.R.Civ.P. 2951) or by verified complaint setting forth a default or a computation of the amount claimed due, with a demand for judgment (Pa.R.Civ. P. 2952). Notice by the creditor to the debtor is called for within 20 days (Pa. R.Civ.P. 2958). Failure to give notice and file the affidavit does not affect the lien, but no execution may be had until 20 days after the affidavit of service of notice is filed (Pa.R.Civ.P. 2958). On judgments entered after December 31, 1973, the Prothonotary must give the notice of entry of judgment. Relief from the judgment may be secured by the procedures provided in Pa.R.Civ.P. 2959, and since December 1, 1973 the burden of proof on the petitioning debtor to open the judgment is the same as that under the Ohio practice which received Justice Douglas' approval in his

concurring opinion in Overmyer v. Frick, 405 U.S. 174, 190, 92 S.Ct. 775, 31 L.Ed.2d 124 where he characterized it as "a minimal obstacle". (See also fn. at p. 190, 92 S.Ct. 775):

> "If evidence is produced which in a jury trial would require the issues to be submitted to a jury the court shall open the judgment."

Pa.R.Civ.P. 2959(e), 1974 Supp. p. 229; 12 P.S.Rules of Civil Procedure.

■■ What the Constitution does require before a person is deprived of a significant property interest is an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. Boddie v. Connecticut, 401 U.S. 371, 378, 91 S.Ct. 780, 28 L.Ed.2d 113 (1971). We have always believed that the "deprivation" of a significant property interest would occur at a judicial sale on execution of a debtor's property and the meaningful time for the hearing would be prior to the issuance of any writ of execution. "If the right to notice and a hearing is to serve its full purpose, then, it is clear that it must be granted at a time when the deprivation can still be prevented." Fuentes v. Shevin, 407 U.S. 67, 81, 92 S.Ct. 1983, 1994, 32 L.Ed.2d 556 (1972). See also Armstrong v. Manzo, 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (1965).

■ We cannot find the entry of the judgment, standing alone, to be a meaningful time in the due process history of judgment by confession. As in the present case the Truth in Lending Act, 15 U.S.C. § 1601 requirements that the debtor be informed of the nature of the transaction, receive a copy of the instrument, and be advised of the debtor's option to rescind in three days raise a presumption of informed consent. If these requirements were not followed, the debtor may exercise his right of recision, as we have previously determined in this case. No further problem faces the debtor until some occasion of default brings the possibility of enforcement of the judgment into play. It is at this point that the due process requirement of notice, opportunity to be heard, and opportunity to present a defense becomes meaningful. The Pennsylvania Rules of Civil Procedure pertaining to confession of judgment afford that procedure before any significant property interest of the debtor can be affected.

■ Both the majority opinion and the concurring opinion of Mr. Justice Douglas in Overmyer v. Frick, 405 U.S. 174, 92 S.Ct. 775, 31 L.Ed.2d 124 (1972) point to the remedies available to a debtor in the Ohio courts after the entry of a confessed judgment. We interpret these references as supporting our conclusion that a meaningful time for the opportunity to be heard on any defense is prior to any proceedings to execute on the judgment. The Court in *Overmyer* was concerned about execution before the debtor has notice (p. 185, 92 S.Ct. 775). This is a concept that appears in all the due process cases; the opportunity to be heard, in whatever form given, must be given before a protected right is severed; public employment, Perry v. Sindermann, 408 U.S. 593, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972); welfare payments, Goldberg v. Kelly, 397 U.S. 254, 90 S.Ct. 1011, 25 L.Ed.2d 287 (1970); alimony payments, Griffin v. Griffin, 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946); and garnishment of wages, Sniadach v. Family Finance Corp., 395 U.S. 337, 89 S.Ct. 1820, 23 L.Ed.2d 349 (1969).

This is the concept that has been consistently applied by the writer in the proceedings under Mallon v. Coon, Sheriff, Civil Action No. 70–503, where the original order restrained only the defendant sheriff from carrying out the writ of execution, and all of the subsequent proceedings by intervening parties have involved only the circumstances under which a creditor may proceed to execution. (The "Explanatory Comment—1973" note of the Pennsylvania Procedural Rules Committee with respect to Mallon v. Coon is in error when it recites that the restraining order enjoined

the entry of judgment by confession. 12 P.S., Rules of Civil Procedure, 1974 Supp. p. 229).

The Pennsylvania Procedural Rules governing "Confession of Judgment, Money" (Pa.R.Civ.P. 2950–2961) have been amended in the light of the *Overmyer* and *Swarb* decisions with the intent of providing procedural due process whenever a confession of judgment was constitutional and permissible. The within action was brought subsequent to the effective date of the amendments to the Pennsylvania Rules which render a debtor's burden in seeking relief consistent with the concept of due process under *Overmyer*.

Therefore, we find no cause of action pleaded against the defendant Sheriff here. He has no matter presently pending in his office involving the Plaintiff. No writ has been delivered to him for execution, and there is not even an allegation that one is contemplated.

We can find no cause of action against the Prothonotary. He has received no application to issue a writ of execution. The only allegation against him is that Plaintiff's name is indexed as a judgment debtor in his records, a matter for which she has multiple avenues of relief, either by a petition to open judgment in the state court, or by an attack under the Truth in Lending Act, 15 U.S.C. § 1601, in which she was successful in this case. Therefore, we find no cause of action alleged against the Prothonotary here. Because the due process cause of action against the defendant Credit Union cannot stand without the presence of the Sheriff and Prothonotary on the record, they being indispensable parties, the due process action against the Credit Union must also fall.

## ORDER

And now, this 15th day of November, 1974, in consideration of the foregoing, the Motions to Dismiss of Defendant Alexander MacIvor, Prothonotary, and Andrew Hanisek, Sheriff are granted, and it is further ordered that Plaintiff's action be, and the same is, hereby dismissed as to all parties.