## General Electric Credit Corporation v. Plavi

*William R. Carroll,* for plaintiff.
*Frank A. Orban, Jr.,* for prothonotary.

COFFROTH, *P.J.*, April 30, 1980—This case is here on a rule, issued on plaintiff's motion, upon the prothonotary to show cause why plaintiff's complaints to confess judgment should not be filed and judgment by confession entered thereon against defendants, without filing a debtor's Swarb-Lennox affidavit as required by the prothonotary, and the prothonotary's answer thereto. Although the judgment defendants received a copy of the motion and rule and notice of hearing, none has filed any answer or appeared at the hearing.

## ISSUE

The question at issue is whether the prothonotary may validly require as a condition precedent to entry of judgment by confession an affidavit of each individual consumer debtor whether his income exceeds $10,000 annually and, if not, that he "knowingly, willingly, intentionally and voluntarily, and with full understanding" authorized confession of judgment against him.

## DISCUSSION

Fundamentally we are concerned with the question whether Pennsylvania's procedure for the entry of judgment by confession without prior notice to the judgment debtor and an opportunity to be heard meets constitutional requirements of due process. On the assumption that the procedure is constitutionally defective, the prothonotary requires an affidavit from the debtor, as above referred to, before judgment by confession will be entered. Plaintiff contends that it is entitled to entry of judgment by confession without such an affidavit.

The prothonotary's affidavit procedure is based on a three judge federal court decision in Swarb v. Lennox, 314 F.Supp. 1091 (E.D. Pa. 1970), as affirmed by the Supreme Court in 405 U.S. 191, 31 L. Ed. 2d 138 (1972), and upon the consequent recommendation to prothonotaries throughout the state by the solicitor of the Prothonotaries and Clerks of Courts Association of the Commonwealth of Pennsylvania. It is essential, therefore, that we examine carefully Swarb v. Lennox and its progeny to determine whether the prothonotary's self-adopted response thereto is a legally valid one. The problem surfaced in this court in two previous cases, Somerset Gasoline Co. v. Harrington, 29 Somerset 283, 295 (1974), and Irons v. Jacobs, 13 D. & C. 3d 446, 37 Somerset 191, 195 (1979), in both of which we found it unnecessary to pass upon the question and declined to approve or disapprove the prothonotary's procedure.[1]

Swarb v. Lennox in the Federal Court of the Eastern District of Pennsylvania was a class action in which plaintiffs sought to have the Pennsylvania rules and statutes governing entry of judgment by confession declared unconstitutional on their face and to have all Pennsylvania residents who signed documents containing a confession of judgment (cognovit) as the protected class, on the ground that the procedure denies them notice and hearing before judgment in violation of constitutional due

---

1. At the hearing, we were informed that all but six or eight of Pennsylvania's 67 counties require the affidavit. As a result, some creditors will enter judgment by confession in another county without affidavit, then transfer it to Somerset County and thereby evade the affidavit requirement here. See, for example, Irons v. Jacobs, supra, 13 D. & C. 3d at 448, 37 Somerset at 193.

process. The three judge District Court refused to grant such broad relief, and instead held:

(1) The Pennsylvania system leading to confessed judgment and execution thereon complies with constitutional due process standards provided there has been an understanding and voluntary consent of the debtor in signing the document. Accordingly, the Pennsylvania procedure is not per se unconstitutional on its face. See D.H. Overmyer Co., Inc. of Ohio v. Frick Co., 405 U.S. 174, 31 L. Ed. 2d 124 (1972).

(2) If there is no such understanding and voluntary consent, the procedure lacks due process for want of notice and an opportunity to be heard before entry of judgment.

(3) The action is maintainable as a class action only in behalf of natural persons residing in Pennsylvania who earn less than $10,000 annually and who signed consumer financing or lease contracts containing provisions for confession of judgment.

(4) Absent an understanding and voluntary waiver, the members of the class are entitled to prejudgment notice and hearing, and prejudgment proof by the creditor of waiver without having to bear the burden of proof or to undergo the procedure for opening or striking the judgment.

(5) Plaintiffs in the class were not shown to have waived their rights as above outlined.

(6) The Pennsylvania confession of judgment practice was declared unconstitutional prospectively as applied to the class, and the court enjoined entry of any confessed judgment prospectively against any class member without prejudgment notice and hearing, absent prejudgment proof of waiver.

(7) Prejudgment waiver might be shown by a prejudgment affidavit or statement of the debtor.

The case was then appealed from the District Court to the Supreme Court only by plaintiffs, seeking to have the Pennsylvania procedure declared unconstitutional on its face as to every Pennsylvania cognovit obligor. The Supreme Court affirmed.

The affirmance was made on February 24, 1972. Under date of March 8, 1972, the solicitor's opinion above referred to advised all prothonotaries in relevant part as follows:

"As I read the case, the burden is now shifted to the Prothonotary. He may not confess judgment in the situation mentioned above, and if he does it is a nullity since the act that gives him the authority is unconstitutional. Since such a judgment would be void no execution may issue upon it, nor may any sale be held upon it.

"This brings us to the problem as to how you are to determine what the income of the individual was when he signed the note.

"I am suggesting that you accept all notes for filing but that you notify the creditor that you do not have authority to confess judgment if the income of the debtor was under $10,000 unless at the time of signing he intentionally, understandingly, and voluntarily waived his rights.

"If there is an affidavit attached to the note wherein the debtor acknowledges that his income is in excess of $10,000 you should accept the note and confess judgment upon it.

"If there is no affidavit as to the income of the debtor, or if it is indicated that it is under $10,000, then there should be another paper attached to the judgment wherein the debtor states that he understood the transaction and voluntarily signed the confession. This consent should be in bold face type similar to that used under Regulation Z in the Truth in Lending Act."

The Somerset County prothonotary has been following that advice. The practical result is that consumer lenders acquainted with local procedures have the borrowers sign the special affidavits at the same time as the principal contract with cognovit is signed, and other lenders are put to obtaining the special affidavits later which is often difficult or impossible to accomplish.

It seems clear that if we are bound by the Eastern District's Swarb-Lennox decision, the prothonotary is fully justified in requiring that plaintiff establish prior to entry of judgment either that defendants are not within the protected class of consumer debtors earning less than $10,000 annually or, if within the class, that they have understandingly and voluntarily waived their rights to prejudgment notice and hearing; in such case we cannot say that the affidavits required are inappropriate. The post Swarb-Lennox amendments to the Pennsylvania Rules of Civil Procedure requiring post-judgment notice do not appear to meet the strict requirements imposed by the Eastern District Court. See Pa.R.C.P. 236 and 2958; 8 Goodrich-Amram 2d §2950:2. If, however, the Eastern District's Swarb-Lennox ruling does not bind us, we must look elsewhere for guidance.

In determining whether we are bound by the Swarb-Lennox decision, we must first determine the scope and effect of the Supreme Court's affirmance. Obviously, if the Supreme Court has totally approved the Eastern District's adjudication, it is binding here as the decree of the highest court in the land. But close examination of the high court's opinion shows no such approving affirmance. The fact is that only the plaintiffs appealed, asking the Supreme Court to expand the protected class and to

declare the Pennsylvania procedures unconstitutional on their face as to all persons signing documents confessing judgment; no party filed a cross-appeal to bring before the appellate court the issue of the correctness of the other aspects of the Eastern District's adjudication. Consequently the Supreme Court declined to pass on the merits of the District Court's decree and merely decided that confession of judgment is valid under Pennsylvania procedures so long as the debtor has understandingly and voluntarily consented thereto. In so doing, the Court pointed out the limits of its affirmance as follows, 405 U.S. at 201, 31 L. Ed. 2d at 146-147:

"This affirmance, however, does not mean that the District Court's opinion and judgment are approved as to their other aspects and details that are not before us. As has been noted, the named defendants and the intervenors have taken no cross appeal. Furthermore, the Pennsylvania Attorney General's office, apparently due to an interim personnel change, no longer supports the position taken at the trial by the city solicitor and the deputy attorney general and, not choosing to pursue its customarily assumed duty to defend the Commonwealth's legislation, now joins the appellants in urging here that the rules and statutes are facially invalid. With the Attorney General taking this position, argument on the side of the defendant-appellees has been presented to us only by the intervenor finance companies and by amici. The permissible reach of this opposition, however, coincides with and goes no further than the extent of the appellants' appeal. In the absence of a cross appeal, the opposition is in no position to attack

those portions of the District Court's judgment that are favorable to the plaintiff-appellants."

Thus, while the District Court's decree has, as Justice Douglas says in his dissent, 405 U.S. at 205, 31 L. Ed. 2d at 149, "an ongoing life," it is the life merely of a District Court decision, persuasive but not necessarily binding on us in the Western District. See North Penn Consumer Discount Co. v. Shultz, 250 Pa. Superior Ct. 530, 378 A. 2d 1275 (1977). This is especially so since the Western District has taken a view of the matter entirely different from that of the Eastern District.

In Chittester v. LC-DC-F Employees, 384 F.Supp. 475, 479 (W.D. Pa. 1974), the court (Weber, J.) rejected the Eastern District's Swarb-Lennox decree as precedent and held that due process is afforded so long as notice of the judgment's entry and an opportunity to be heard and to raise defenses are given prior to judicial sale on the judgment. As stated by Judge Weber:

"What the Constitution does require before a person is deprived of a significant property interest is an opportunity granted at a meaningful time and in a meaningful manner for a hearing appropriate to the nature of the case. [Citation omitted.] We have always believed that the 'deprivation' of a significant property interest would occur at a judicial sale on execution of a debtor's property and the meaningful time for the hearing would be prior to the issuance of any writ of execution. . . .

"We cannot find the entry of the judgment, standing alone, to be a meaningful time in the due process history of judgment by confession. . . . No further problem faces the debtor until some occasion of default brings the possibility of enforcement

of the judgment into play. It is at this point that the due process requirement of notice, opportunity to be heard, and opportunity to present a defense becomes meaningful. The Pennsylvania Rules of Civil Procedure pertaining to confession of judgment afford that procedure before any significant property interest of the debtor can be affected."

The Superior Court seems to agree with that reasoning. See North Penn v. Sheltz, supra, at 535-6; General Electric Credit Corp. v. Slawek, _____ Pa. Superior Ct. _____, fn. 7, 409 A. 2d 420, 424, fn. 7 (1979). Under this view, which we accept, there is no recognized low income-consumer class entitled to any prejudgment affidavit or determination of informed and voluntary consent, as in the Eastern District; due process is satisfied by the post-judgment opportunities the debtor has to open or strike the judgment or to attack the execution prior to sale.[2]

An additional word regarding the value of Swarb-Lennox in the Eastern District as precedent: its establishment of a protected class of consumers having annual incomes of less than $10,000 is based entirely on an academic study of 245 Philadelphia consumer debtors, which found that 95 percent had annual incomes of less than $10,000, that only 30 percent had graduated from high school, and that only 14 percent knew the contracts they had signed contained confession of

2. The Eastern District Swarb-Lennox decision places the burden of proof of waiver upon the creditor. Compare Yachere v. Yachere, 29 Somerset 159 (1970), commented on in 8 Goodrich-Amram 2d §2950:2, fn. 10; Somerset Gasoline Company v. Harrington, supra, at 295, fn. 3; North Penn v. Shultz supra, at 534, fn. 2; Pa.R.C.P. 2959(e).

judgment clauses: 405 U.S. at 198, 31 L. Ed. 2d, at 145. That is a flimsy evidentiary basis for the important and far-reaching judicial conclusion reached by the Eastern District.

## CONCLUSION

For the reasons set forth in the foregoing opinion, we find the prothonotary's Swarb-Lennox debtor affidavit requirement an unenforceable nullity. We do not undertake to pass on the validity of Pennsylvania's pre-execution notice procedures. Compare Com. ex rel. Mishler v. Mishler, 36 Somerset 414, 419-420 (1979); 9 Goodrich-Amram 2d §3128(d):1.

## ORDER

Now, April 30, 1980, the rule to show cause why plaintiff's complaints to confess judgment in Nos. 171 through 178, Judgment 1980, should not be filed and judgments entered thereon without debtors' Swarb-Lennox affidavits, is made absolute, the judgments heretofore entered in said cases pursuant to our order of February 6, 1980, are confirmed without liability to being stricken for want of such affidavits, and the prohibitions of execution upon such judgments are now vacated. Costs on plaintiff.