**Joe J. JORDAN, James E. Mitchell and Jordan, Mitchell, Inc.**

v.

**FOX, ROTHSCHILD, O'BRIEN, and FRANKEL.**

**Civ. A. No. 91–2600.**

United States District Court, E.D. Pennsylvania.

May 1, 1992.

**394**

Sharon K. Wallis, Philadelphia, Pa., for plaintiffs.

Steven R. Waxman, Leslie M. Gerstein, Lauren P. McKenna, Philadelphia, Pa., for defendants.

## MEMORANDUM

WALDMAN, District Judge.

### BACKGROUND

Plaintiffs brought this action under 42 U.S.C. § 1983, alleging that defendants unconstitutionally deprived them of property without due process of law. Defendant is a law firm ("Fox, Rothschild") which was retained to obtain and execute a confessed judgment against plaintiff Jordan, Mitchell, Inc. pursuant to a cognovit clause in its lease. Defendants entered judgment and thereafter obtained a writ of execution which a sheriff served on Fidelity Bank thereby attaching the account maintained by the corporate plaintiff at that institution. On March 27, 1992, the court granted defendants' motion to dismiss. *See Jordan v. Fox, Rothschild, O'Brien & Frankel,* 787 F.Supp. 471 (E.D.Pa.1992). Presently before the court is plaintiffs' Motion for Reconsideration.

### DISCUSSION

■ The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence. *See Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985), *cert. denied,* 476 U.S. 1171, 106 S.Ct. 2895, 90 L.Ed.2d 982 (1986); *Clifford v. Jacobs,* 739 F.Supp. 957, 958–59 (M.D.Pa.1990).

The court determined that the garnishment of corporate plaintiff's bank account did not give rise to a cause of action on behalf of the individual plaintiff-shareholders. The court found that defendants had acted under color of state law by invoking state procedures and enlisting the aid of state officials to effect an *ex parte* seizure of property. *See Lugar v. Edmondson Oil Co.,* 457 U.S. 922, 933, 102 S.Ct. 2744, 2751–52, 73 L.Ed.2d 482 (1982). The garnishment of a bank account is a deprivation of property within the purview of the Fourteenth Amendment, and was effected here pursuant to a Pennsylvania procedure for executing upon confessed judgments which

fails to comport with due process.[1] Plaintiffs' claim was dismissed because defendants were shielded from § 1983 liability on the facts alleged by reason of qualified immunity.

Plaintiffs now present a new argument as to why the individual plaintiffs have standing. Although never alleged in their complaint or raised in their response to defendants' motion, plaintiffs now state that the corporate plaintiff assigned its rights to the individual plaintiffs for claims against the landlord or its agents. Although a copy of the purported assignment has not been provided,[2] it was apparently executed during a transaction on April 1, 1989 wherein Jordan, Mitchell ceased business operations. This fact was clearly known to plaintiffs for almost two years prior to the filing of the complaint, and cannot possibly be considered to be newly discovered.[3]

■ Plaintiffs also contend that the court did not adequately consider in its immunity analysis whether defendants violated a clearly established right in confessing judgment, and should have considered "the validity of the underlying confessed judgment." Plaintiffs argue that defendants are not entitled to qualified immunity because they "should have been aware, that there was no legal or factual basis for them to assume that they had authority to enter judgment on behalf of Jordan, Mitchel [sic] Inc. without a due process hearing."

■ Plaintiffs appear to misperceive the difference between conduct by a private party which violates an established legal right and conduct by a state actor which violates a clearly established constitutional right. An improper use or abuse by a private party of an otherwise valid state procedure is not cognizable under § 1983. *See Lugar*, 457 U.S. at 941, 102 S.Ct. at 2755–56 (private misuse of state statute is not conduct attributable to the State); *Berman*, 758 F.Supp. at 278 ("The abuse or misuse of a state procedure by a private party to effect such a deprivation is not action attributable to the State."); *Chicarelli v. Plymouth Garden Apartments*, 551 F.Supp. 532, 537 (E.D.Pa.1982) (substantive misuse of Pennsylvania confession of judgment procedures is not a basis for § 1983 liability). Where such procedures are misused or abused, the injured party may seek to redress any injury in an action for malicious use of process.[4] To be liable under § 1983, however, a private defendant must invoke a state procedure that is itself unconstitutional, with significant aid from state officials. *Lugar*, 457 U.S. at 937, 102 S.Ct. at 2753–54.

■ The attachment of a judgment debtor's property involves significant aid from state officials and the wielding of the state's compulsive powers. A state procedure permitting private parties to file a complaint and confess judgment essentially involves acquiescence by the state, not compulsion. In such circumstances, private conduct is not attributable to the state. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 164, 98 S.Ct. 1729, 1737–38, 56 L.Ed.2d 185 (1978); *Jackson v. Metropoli-*

---

1. The procedure authorizes writs of execution of a confessed judgment to be issued by a prothonotary for the attachment of a debtor's property upon service by a sheriff on a garnishee. Those writs are issued without review or approval by an official with discretion and may be issued immediately after confession of judgment. While a debtor may petition to open judgment and stay execution, there is no guaranty of a prompt post-seizure hearing. *See Jordan v. Berman,* 758 F.Supp. 269, 280 (E.D.Pa.1991); *Fox, Rothschild,* 787 F.Supp. at 477. In this case, plaintiffs were deprived of the use of their funds for eight days and lawfully could regain access to their account only by posting substitute security. *See Macioce v. Glinatsis,* 361 Pa.Super. 222, 228, 522 A.2d 94 (1987).

2. Without the assignment agreement, the court is unable to determine whether it would encompass a § 1983 claim against the landlord's attorneys.

3. If the court were to accept this belated argument, then it follows that the corporate plaintiff would lack standing. The point is not material, however, to whether defendants enjoy qualified immunity.

4. Malicious use of process requires that the plaintiff prevail in the underlying proceedings, which in this case are currently pending in state court. *See Chicarelli,* 551 F.Supp. at 541.

*tan Edison Co.,* 419 U.S. 345, 357, 95 S.Ct. 449, 456–57, 42 L.Ed.2d 477 (1974).[5]

To state a cognizable cause of action under § 1983, a plaintiff must be deprived of a constitutional right. The court has rejected plaintiffs' argument that judgment by confession is unconstitutional without a prior hearing and determination as to the validity of the cognovit provision.[6] *Berman,* 758 F.Supp. at 278. Plaintiffs' reliance on *Swarb v. Lennox,* 405 U.S. 191, 92 S.Ct. 767, 31 L.Ed.2d 138 (1972) is misplaced. If the Supreme Court believed that a judgment could not constitutionally be confessed without a *prior* hearing on the validity of the debtor's waiver of rights, it likely would not have rejected a per se challenge in *Swarb* to Pennsylvania procedures which permit creditors to do just that. State procedure allows a debtor to open or strike a confessed judgment on this ground and plaintiffs here moved to do so in the pending state court action.[7] *See* Pa.R.Civ.P. 2959.

By confessing judgment, a creditor may obtain priority over other creditors, a lien on real property, clear standing to seek to impede fraudulent secretion of assets should such occur and a claim for interest at the post-judgment rate. Prior to execution, however, no secured right of

the debtor is impinged.[8] Due process requires an opportunity to be heard "at a meaningful time." *Parratt v. Taylor,* 451 U.S. 527, 540, 101 S.Ct. 1908, 1915, 68 L.Ed.2d 420 (1981). Entry of judgment by confession is not a meaningful time for due process purposes. *See Chittester v. LC–DC–F Employees of G.E. Fed. Cr. Un.,* 384 F.Supp. 475, 479 (W.D.Pa.1974).[9] The right to be heard and to contest the validity of a cognovit debtor's waiver of rights arises at the time of an *execution* of a confessed judgment. *See Scott v. Danaher,* 343 F.Supp. 1272, 1277–78 (N.D.Ill.1972) (three judge panel holding Illinois post-confessed judgment garnishment procedure unconstitutional). Thus, even if plaintiffs' argument about the invalidity of the cognovit provision were meritorious, they did not suffer the deprivation of property complained of until a writ of execution was served on their bank.

While sometimes cast by plaintiffs as an absence of a knowing and voluntary waiver of rights, they actually allege and variously argue that the confession of judgment provision relied upon by defendants was ineffective as a matter of law.[10] The initial lease of July 8, 1981 contains a cognovit provision which authorizes an attorney to appear on behalf of a defaulting lessee and

5. Under plaintiffs' theory, presumably a private litigant who induced a clerk of court *ex parte* to enter inappropriately a default judgment, e.g. where proof of service had been falsified, would be subject to § 1983 liability.

6. To confess judgment in Pennsylvania, a creditor must present an instrument with a written waiver of rights and signature of the debtor, and a sworn affirmation by the creditor that the facts set forth in his complaint entitling him to judgment are true. *See* Pa.R.Civ.P. 2952, 1024 and 76.

7. A debtor who disputes a creditor's claim will incur virtually the same litigation expenses in responding to the complaint asserting that claim whether it is accompanied by confession of a judgment that is open or is filed without a confessed judgment. The defenses asserted to open the judgment will almost invariably be the ones asserted in an answer to the complaint.

8. A lien on the debtor's property does not per se deprive him of possession and use, or of the right to sell subject to the lien. *See B & P*

*Development v. Walker,* 420 F.Supp. 704, 706 (W.D.Pa.1976); *In re Upset Sale, Tax Claim Bureau of Berks,* 505 Pa. 327, 334, 479 A.2d 940 (1984).

9. That case involved the entry of judgment without execution. In concluding in dicta that Pennsylvania procedures ensure the right to be heard prior to execution by providing for petitions to open confessed judgments, the Court in *Chittester* overlooked the possibility that, as in the instant case, a judgment might be executed immediately after entry and that a court might defer action on a debtor's petition to open for almost four months (from May 24, 1989 to July 21, 1989).

10. In the complaint, plaintiffs allege that as a matter of law the cognovit clause in the Lease was ineffective and did not survive the Lease Amendment. Legal conclusions of this kind do not establish as factual the matter asserted. Plaintiffs raised the same legal issue in the ongoing state court proceedings against the *Berman* defendants and moved for judgment on the pleadings. The motion was denied.

confess judgment. The "Lease Amendment," dated July 31, 1986, is acknowledged in the complaint to be the product of negotiations between the parties through their attorneys. It contains a provision continuing in full force and effect all terms of the lease unless otherwise specifically provided. It nowhere specifies that the cognovit provision is nullified.[11]

■ Plaintiffs contend that the provision is invalid because it is inconspicuous. Although Pennsylvania law requires the authority to confess judgment to be "clear and explicit," *Cutler Corp. v. Latshaw,* 374 Pa. 1, 5, 97 A.2d 234 (1953), the provision may be included in the body of a contract. *Id.* at 8, 97 A.2d 234. In this case, the provision containing the cognovit clause was an integral part of the lease and was expressly labeled in the margin as "Confession of Judgment," although such is not necessary to validate it. *See Federman v. Pozsonyi,* 365 Pa.Super. 324, 329–30, 529 A.2d 530 (1987) (cognovit clause in single paragraph of lease valid despite absence of words identifying it as confession of judgment provision). Plaintiffs are a corporation and two educated professionals who had access to counsel. In their state and federal court pleadings, plaintiffs do not allege that they in fact were unaware of this provision or its effect.

Plaintiffs also assert that as a matter of law the confession of judgment provision did not survive the Lease Amendment. The Lease Amendment expressly incorporates all of the lease terms unless otherwise specifically set forth. There is no provision in the Lease Amendment which extinguishes the confession of judgment provision.[12]

The court notes that the cases relied on by plaintiffs are distinguishable. *Solazo v. Boyle,* 365 Pa. 586, 76 A.2d 179 (1950) involved confession of judgment on an alleged oral contract in clear violation of Pennsylvania procedure. The Court noted that even if the contract were characterized as an oral modification to a prior written contract containing a cognovit provision, there was no tangible evidence of the additional oral terms or the authority to confess judgment for breach of those terms. In the instant case, the parties specifically incorporated the pertinent provision in a written lease amendment. In *Scott v. 1523 Walnut Corporation,* 301 Pa.Super. 248, 447 A.2d 951 (1982), the Court found that a cognovit clause did not survive a lease extension. The extension in that case, however, was executed 22 years after the execution of the original lease by *different* parties and after several intervening amendments.

It follows that in filing a complaint and confessing judgment in this case defendants were not violating a constitutional right, let alone a clearly established constitutional right of which they should have been aware.[13]

For the foregoing reasons, plaintiffs' motion for reconsideration will be denied. An appropriate order will be entered.

---

**11.** Both documents are attached to and incorporated in plaintiffs' complaint.

**12.** As defendants confessed judgment on the basis of the lease provision and its incorporation in the lease amendment, presumably the state court would not have denied plaintiffs' dispositive motion unless it had rejected their legal contention regarding the sufficiency and survival of the cognovit provision. *See West Chester Plaza Associates v. Chester Engineers,* 319 Pa.Super. 196, 201, 465 A.2d 1297 (1983) (confessed judgment should be stricken where defect ap-

pears on face of record); *J.F. Realty Co. v. Yerkes,* 263 Pa.Super. 436, 440, 398 A.2d 215 (1979).

**13.** If plaintiffs had stated a cognizable § 1983 claim, the court would be obliged to refrain from adjudicating the question of whether the confessed judgment was invalid or void even if this were not the subject of currently pending state court proceedings. *See Schall v. Joyce,* 885 F.2d 101, 112 (3d Cir.1989).